USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JARED CHASSEN, *et al.*,

                Plaintiffs,

-v-

JEFFREY SIMPSON, *et al.*,

                Defendants.

**REPORT AND RECOMMENDATION**

25-CV-2373 (JHR) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Jennifer H. Rearden, United States District Judge:**

On March 20, 2025, defendant Jeffrey Simpson ("Simpson"), who is proceeding pro se, removed this action from the Supreme Court for New York County (the "State Court"). Plaintiffs Jared Chassen and 55 Manor LLC ("Moving Plaintiffs") now move to remand the case back to state court and seek attorneys' fees and costs. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the motion be **GRANTED** and the case be remanded without the imposition of fees and costs.

## I. BACKGROUND

This case arises from a dispute between Simpson and Jared Chassen over a real estate company that they own, JJ Arch LLC. Letter from Moving Plaintiffs ("Pl. Letter"), Dkt. No. 24, at 1. Plaintiffs filed this case in the State Court on September 22, 2024, where it was assigned Index Number 654928/2024 (the "State Court Action"). In short, this suit sought to prevent Simpson from transferring

1

certain assets to JJ Arch. *See Chassen v. Simpson*, Index. No. 654928/2024, Dkt. No. 1, Summons and Complaint ("Complaint") (N.Y. Sup. Ct. New York County).[1] Plaintiffs filed an October 2, 2024 affirmation stating that Simpson had been served on September 25, 2025. State Court Dkt. No. 53.

Simpson removed the State Court Action to this Court on March 20, 2025. Dkt. No. 1. In an effort to obtain compliance with 28 U.S.C. § 1446(a), which requires a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," the Court directed Simpson to file a short statement detailing "[t]he case that is being removed; [t]he grounds for removal; . . . [w]hy removal is timely; and [w]hether the other defendants have consented for removal," and to file copies of the State Court Action filings. Dkt. No. 8. Simpson filed a letter in response to this order on April 10. Dkt. No. 9 ("Def. Letter").

On April 17, the Moving Defendants requested leave to file a motion to remand, which was granted. Dkt. Nos. 10, 12. They filed their motion the following day. Dkt. No. 14. The moving papers included a memorandum of law ("Pl. Mem."), Dkt. No. 15, and the Declaration of Allen Schwartz dated April 18, 2025 ("Schwartz Decl."). Dkt. No. 16.

---

[1] Citations to "State Court Dkt. No. __" refer to filings on the NYSCEF electronic filing system in the State Court Action, which are publicly available, free of charge, at: https://iapps.courts.state.ny.us/nyscef/HomePage.

The day before his opposition to the remand motion was due, Simpson requested an extension to May 16, 2025, claiming he had retained counsel for this and other cases. Dkt. No. 18. The Court granted his request. Dkt. No. 21. As of today, no response to the remand motion has been filed and no counsel has appeared for Simpson.

On May 9, Simpson filed what the Court construed as a request to stay all state court actions involving him or YJ Simco. Dkt. No. 22. The undersigned declined to do so without briefing from the adverse parties. Dkt. No. 23. Simpson filed another letter, dated May 15, seeking to enjoin certain proceedings in state court. Dkt. No. 28. He also claimed that his counsel would be entering an appearance imminently. *Id.*

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 1441(a), a party may remove a state court action to federal court if the action could originally have been commenced in federal court. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

District courts have original jurisdiction over cases "between . . . citizens of different states," where the amount in controversy exceeds $75,000, *id.* § 1332(a),

and over cases "arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. However, "a district court must remand [an] action to state court if it determines that it lacks subject matter jurisdiction." *McGrath v. Indus. Waste Techs.*, No. 20-cv-2858 (KPF), 2021 U.S. Dist. LEXIS 36480 at *4 (S.D.N.Y. Feb. 26, 2021) (quoting *Qader v. Citibank*, 927 F. Supp. 2d 86, 87 (S.D.N.Y. 2013)). Due to the "congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Id.* (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013)).

"On a motion to remand, the party seeking to sustain its removal of the action bears the burden of demonstrating that removal was proper." *Dominguez v. Rogers*, No. 16-cv-6888 (VSB), 2017 U.S. Dist. LEXIS 123455 at *2 (S.D.N.Y. Aug. 4, 2017) (citing *Stan Winston Creatures, Inc. v. Toys 'R' Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003)).

"When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." *Macklin v. Lexington Ins. Co.*, No. 20-cv-5372 (ER), 2020 U.S. Dist. LEXIS 179427 at *2 (S.D.N.Y. Sept. 29, 2020) (quoting *Weiss v. Hager*, No. 11-cv-2740 (VB), 2011 U.S. Dist. LEXIS 150402 at *2 (S.D.N.Y. Dec. 19, 2011)). "Moreover, '[b]ecause this is a jurisdictional inquiry,' the Court may 'look beyond the face of the complaint' to affidavits and exhibits when deciding

4

whether to remand.'" *Id.* (*quoting Gov't Emps. Ins. Co. v. Saco*, No. 15-cv-634 (NGG) (MDG), 2015 U.S. Dist. LEXIS 102645 at *3 (E.D.N.Y. Aug. 5, 2015)).

### B.     Analysis

The Moving Plaintiffs claim remand is required because (1) Simpson failed to provide the Court with the filings from the State Court Action, (2) removal was untimely, and (3) there is no basis for federal jurisdiction.  They also seek attorneys' fees and costs.  The Court will address each of these issues, as well as whether all defendants consented to removal.

### 1.     Simpson Fails to Demonstrate that this Court Has Subject Matter Jurisdiction

28 U.S.C. § 1441 provides for removal of all claims over which federal courts have "original jurisdiction."  This means that "only state-court actions that originally could have been filed in federal court may be removed by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). Moreover, Section 1441(b) draws a distinction between removal of cases involving federal question jurisdiction and those involving diversity of citizenship jurisdiction.

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5

"A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)).

The "statutory procedures for removal are to be strictly construed," *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citations omitted), and "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether Prods.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation, internal alterations, and quotations omitted).

Applying these standards, Simpson fails to demonstrate that this Court has subject matter jurisdiction. First, Simpson fails to demonstrate that there is diversity jurisdiction. The Complaint alleges that Simpson and Chassen are both residents of New York. Compl. ¶¶ 14, 16. While residence is not the same as "citizenship" for diversity purposes, Simpson provides no information whatsoever about the citizenship of the parties, much less information establishing complete diversity of citizenship.[2] Although Simpson vaguely refers to diversity jurisdiction in his letter, his argument is unclear and fails to carry his burden of demonstrating the existence of diversity jurisdiction. Def. Letter at 4.

---

[2] Further, to the extent Simpson is a citizen of New York, this would prevent removal even if there is complete diversity of citizenship. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

Simpson also fails to establish federal question jurisdiction. To determine whether a state court action arises "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, the Court must look within the four corners of the original complaint. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) ("Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose."); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A] case will not be removable if the complaint does not affirmatively allege a federal claim.") (citations omitted); *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) ("[A] defendant generally may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case arises under federal law.") (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

The Complaint asserts causes of action based upon New York fraudulent conveyance statutes and common law. *See* Compl. ¶¶ 97–128. On its face, it asserts no federal claim and invokes no federal constitutional right. Simpson does not contend otherwise. Instead, he argues that his "cases present federal questions that are substantial [and] involve allegations of civil conspiracy against me, as well as claims under 18 USC Section 1961 et seq." Def. Letter at 4. To the extent Simpson argues there is federal question jurisdiction because he has counterclaims under 18

U.S.C. § 1961 or any other federal statute, this argument fails because "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Simpson also asserts that the unfairness and denial of due process rights that he allegedly suffered in the State Court provide a basis for removal. *See* Def. Letter at 3–4. However, "[f]ederal question jurisdiction is not so easily invoked. Indeed, were such a sufficient basis for federal question jurisdiction, federal courts would be inundated with removal cases by state court defendants who felt that their federal rights were not being observed by state court judges." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005).

Because Simpson fails to meet his burden of demonstrating that this Court has subject matter jurisdiction, this case should be remanded.

### 2. Simpson's Removal was Untimely

Even if this Court had subject matter jurisdiction, remand would be required for the independent reason that Simpson's removal was untimely. Under 28 U.S.C. § 1441, a defendant has thirty days from service of the complaint to remove an action. The purpose of this thirty-day time limit is to "foreclose[] a defendant from adopting a wait and see approach in the state court." *Village of Chestnut Ridge v. Town of Ramapo*, No. 07-cv-9278 (KMK), 2008 U.S. Dist. LEXIS 76881, at *3 (S.D.N.Y. 2008). "[N]othing in the statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-

day period for removal lapses." *Taylor v Medtronic, Inc.*, 15 F.4th 148, 153 (2d Cir. 2021).

An affirmation of service stated that Simpson was served on September 25, 2024. State Court Dkt. No. 53. Simpson does not specifically dispute this assertion. To the contrary, Simpson filed a December 4, 2024 letter in the State Court Action requesting additional time to respond to the Summons and Complaint, which suggests that he had been served by this time. State Court Dkt. No. 66. Simpson did not remove this case to federal court until March 20, 2025. Dkt. No. 1. Thus, Simpson failed to file a notice of removal within 30 days of service.

Nonetheless, Simpson contends, "[t]he Removals are timely (within the past 30 days) as Chassen withdrew YJ Simco as a defendant from the main case as a result of it's [sic] Chapter [11] filing and his testimony that illustrates perjury to the bankruptcy court." Def. Letter at 3. But nothing in the statute or case law suggests that dropping a defendant from the case restarts the 30-day removal clock. Additionally, while YJ Simco may no longer be a party to what Simpson calls the "main case," the docket for the State Court Action removed here does not indicate that YJ Simco ever ceased to be a defendant in this case.

Simpson's failure to remove this action within 30 days of service is sufficient grounds for remand. *See, e.g., Izuogu v Aramark Food Servs.*, No. 22-cv-6789 (JGK), 2022 US Dist LEXIS 209083, at *3 (S.D.N.Y. Nov. 17, 2022) (remanding case that was removed more than 30 days after service).

9

### 3. The Notice of Removal Failed to Include Copies of State Court Pleadings and Orders

A removing party must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Simpson made two filings described on the docket as "Notice of Removal," totaling 38 and 34 pages, respectively. Dkts. No. 1, 3. Whether considered separately or together, these filings fail to comply with Section 1446(a). Neither contains a "short and plain statement of the grounds for removal" and Simpson did not attach any filings from the State Court Action.

In response to the Court's order to cure this deficiency, Simpson filed a letter. Def. Letter. While this letter arguably described the claimed grounds for removal, it indisputably failed to provide copies of any pleadings and orders from the State Court Action. Simpson claimed he was facing difficulties uploading the state court filings, but said he would do so "in short order." Def. Letter at 4. Filings from the State Court Action have yet to be provided more than a month later.

Considering Simpson's pro se status, his claim that he was attempting to upload State Court filings, and the other grounds for remand, the Court need not decide whether the case should be remanded due to this failure alone.

### 4. Removal Requires the Consent of All Defendants

Additionally, Section 1446(b) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). They must do so within 30 days of service of the summons.

10

28 U.S.C. § 1446(b)(2)(B). "It is well-established that defendants 'must independently express their consent to removal.'" *Taylor v Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021) (quoting *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012)). If not all defendants consent to removal, remand is proper. *See, e.g.*, *Allen v. Pataki*, 207 F. Supp. 2d 126, 126 (S.D.N.Y. 2002).

In addition to Simpson, YJ Simco LLC is also a defendant in the State Court Action. Complaint at 1. YJ Simco has not appeared in this Court or filed a consent to the removal. Because not all the defendants in the State Court Action have consented to removal, the case should be remanded to state court.

### 5. Attorney Fees and Costs

Courts in this District have observed that "[a]n order remanding a case may, in [the] court's discretion, 'require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Qatar v. First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d 401, 420-21 (S.D.N.Y. 2020) (*quoting* 28 U.S.C. § 1447(c)). However, attorney fees under § 1447(c) are awarded "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, (2005)); *see also Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 335 (S.D.N.Y. 2005) (denying fees where defendant had "colorable basis for removal").

Additionally, courts are hesitant to require pro se parties to pay attorney fees, even if their arguments are meritless. *See, e.g., U.S. Bank N.A. v. O'Hara*, No.

11

24-cv-8459 (JPO), 2025 US Dist LEXIS 18238, at *3 (S.D.N.Y. Jan. 31, 2025) (collecting cases and holding "[t]hough [Defendant] clearly lacked such [an objectively reasonable] basis—as he sought removal from another federal court and in the incorrect district in plain contravention of Section 1446—courts generally decline to award costs and fees against pro se defendants under Section 1447(c).").

While it is a close call, the Court should not impose sanctions in this case due to Simpson's pro se status. He is warned, however, that should he remove the State Court Action a second time, he should expect to be sanctioned. *See Weiss v. Yotta Techs., Inc.*, No. 22-cv-8569 (JPO), 2024 U.S. Dist. LEXIS 174052 at *4–5 (S.D.N.Y. Sept. 25, 2024).

### III. CONCLUSION

For these reasons, the undersigned respectfully **RECOMMENDS** that the motion to remand be **GRANTED** but that Simpson not be required to pay the Moving Plaintiffs' fees and costs related to the remand.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jennifer Rearden, United States Courthouse, 500 Pearl Street, New

York, New York 10007-1312. Any requests for an extension of time for filing objections must be directed to Judge Rearden.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: May 28, 2025
       New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge