UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JARED CHASSEN, et al.,

                Plaintiffs,

-v.-

JEFFREY SIMPSON, et al.,

                Defendants.

25 Civ. 2373 (JHR) (HJR)

ORDER ADOPTING REPORT
AND RECOMMENDATION

---

JENNIFER H. REARDEN, District Judge:

    Plaintiffs Jared Chassen ("Chassen"), 55 Manor LLC, JJ Haverhill LLC, and JJ Tuscaloosa LLC (together, "Plaintiffs") bring this suit against Defendants Jeffrey Simpson ("Simpson") and YJ Simco LLC (together, "Defendants") concerning a real estate company—JJ Arch LLC—owned by Chassen and Simpson. Before the Court is the Report and Recommendation of Magistrate Judge Henry J. Ricardo, ECF No. 29, recommending that Plaintiffs Chassen and 55 Manor LLC's (the "Moving Plaintiffs") motion for remand be granted without fees and costs. *Id.* at 13. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Ricardo's recommendation.

## BACKGROUND[1]

    Plaintiffs originally filed this action on September 22, 2024 in New York State Supreme Court, New York County (the "State Court"), seeking to prevent Simpson from transferring certain assets to JJ Arch LLC. *See Chassen v. Simpson*, Index. No. 654928/2024 (the "State Court Action"), Dkt. No. 1, Summons and Complaint (N.Y. Sup. Ct. New York County). On October 2, 2024, Plaintiffs filed an affirmation stating that Simpson had been served on September 25, 2024.

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 29.

1

State Court Action, Dkt. No. 53.  Simpson, acting *pro se*, subsequently removed the State Court Action to this Court on March 20, 2025.  ECF No. 1.  The Court referred the case to Judge Ricardo for general pretrial purposes and for a Report and Recommendation on dispositive motions.  ECF No. 7.  On March 28, 2025, Judge Ricardo directed Simpson to file a short statement detailing "[t]he case that is being removed; [t]he grounds for removal; . . . [w]hy removal is timely; and [w]hether the other defendants have consented to removal," as required by 28 U.S.C. § 1446(a), and to file copies of "all process, pleadings, and orders served upon such defendant or defendants" in the State Court Action.  ECF No. 8.  Simpson filed a letter pursuant to that Order on April 10, 2025.  ECF No. 9.

On April 18, 2025, the Moving Plaintiffs moved for remand and for costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c).  ECF Nos. 14-16.  On April 30, 2025, the day before Simpson's opposition was due, he requested a two-week extension, until May 16, 2025.  Simpson stated that the extension would allow "recently engaged incoming counsel . . .to get up to speed."  ECF No. 18.  The Moving Plaintiffs opposed the application.  ECF No. 19.  On May 4, 2025, Simpson's request was granted.  ECF No. 21.

On May 9, 2025, Simpson filed an "Emergency Relief Request" apparently seeking a "stay for[sic] all NYS actions" involving him or YJ Simco LLC.  ECF No. 22.  Judge Ricardo declined to rule on Simpson's application to the extent that it sought "a preliminary injunction against all New York state courts presiding over a case" in which Simpson or YJ Simco LLC were parties "without first providing Plaintiffs an opportunity to submit an opposition."  ECF No. 23 at 6.  Judge Ricardo directed Plaintiffs to respond by May 14, 2025, *id.*, and Plaintiffs complied.  ECF No. 24.

On May 15, 2025, Simpson requested a conference "for the purpose of temporarily staying the State Court's Orders of Receivership," ECF No. 28 at 1, claiming that his counsel would "seek

2

to appear" the next day, *id.* at 2.  But no counsel for Simpson has appeared, and no response to the remand motion has been filed.

On May 28, 2025, Judge Ricardo issued a 13-page Report and Recommendation recommending that the Court grant the Moving Plaintiffs' motion for remand but deny the Moving Plaintiffs' request for attorneys' fees and costs.  ECF No. 29 at 12.  The Report and Recommendation notified the parties that they had "14 days . . . to file any objections." *Id*.  The Report and Recommendation also cautioned that "**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**." *Id.* at 13.  No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections and w[ould] preclude appellate review," ECF No. 29 at 13, Defendants did not file

3

any objections to the Report and Recommendation. Thus, Defendants waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is well reasoned and grounded in fact and law.

For the foregoing reasons, the Court remands this action to the New York State Supreme Court, New York County and declines to award attorneys' fees and costs.

The Clerk of Court is directed to terminate all open motions, send a copy of this Order to the New York State Supreme Court, New York County and to Defendants, and close the case.

SO ORDERED.

Dated: August 25, 2025
       New York, New York

                                                JENNIFER H. REARDEN
                                                United States District Judge